UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DENNIS WELLINGTON,

       Petitioner,

– against –

WILLIAM BARR, in his official capacity as the Attorney General of the United States; THOMAS R. DECKER, in his official capacity as the New York Field Office Director for U.S. Immigration and Customs Enforcement; U.S. DEPARTMENT OF HOMELAND SECURITY,

       Respondents.

**OPINION AND ORDER**

19 Civ. 1986 (ER)

Ramos, D.J.:

  Dennis Wellington, detained at the Hudson County Correctional Center in New Jersey, filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Doc. 1. Wellington challenges his continued detention by immigration authorities and seeks injunctive and declaratory relief, as well as immediate release from detention.

  On March 25, 2019, Wellington—through counsel—contacted the Court to request an emergency stay of proceedings. The government opposed Wellington's request and moved to transfer his petition to the United States District Court for the District of New Jersey. Doc. 5.

  On March 26, 2019, the Court held an emergency hearing with the parties, during which the Court granted the government's motion to transfer and denied Wellington's request for a stay, setting forth its reasoning for both rulings on the record. The Court then issued a short order directing the Clerk of Court to transfer Wellington's petition to the District of New Jersey and noted that an opinion would follow. This is that Opinion.

To entertain a habeas corpus petition under 28 U.S.C. § 2241, a court must have jurisdiction over the petitioner's custodian. *See Braden v. 30th Judicial Circuit Court of Ky.*, 410 U.S. 484, 494–95 (1973) (explaining that writ of habeas corpus does not act upon prisoner seeking relief, but upon his or her custodian). Accordingly, a habeas corpus petition should name as the respondent "the person who has custody over [the petitioner]," 28 U.S.C. § 2242, that is, the petitioner's "immediate custodian," *Rumsfeld v. Padilla*, 542 U.S. 426, 439–40 (2004). "[I]n habeas challenges to present physical confinement—'core challenges'—the default rule is that the proper respondent is the warden of the facility where the prisoner is being held," and the writ is issuable only in "the district of confinement." *Rumsfeld*, 542 U.S. at 436, 442.

Although the Supreme Court in *Padilla* "left open the question whether the Attorney General is a proper respondent to a habeas petition filed by an alien detained pending deportation," *id.* at 435 n.8, "a majority of district courts in this Circuit have applied the immediate custodian rule to such challenges," *Cesar v. Shanahan*, No. 17 Civ. 7974 (ER), 2018 WL 1747989, at *1 (S.D.N.Y. Feb. 5, 2018) (citation and internal quotation marks omitted).

Here, Wellington is detained at the Hudson County Correctional Center, which is in the District of New Jersey. However, Wellington does not name as respondent his immediate custodian—the warden of the Hudson County Correctional Center. Rather, Wellington names several individuals who are best considered "remote supervisory officials." *See Rumsfeld*, 542 U.S. at 435 ("[T]he default rule is that the proper respondent is the warden of the facility where the prisoner is being held, not the Attorney General or some other remote supervisory official."). Consequently, neither the present district nor the present respondents are proper.

Because Wellington was confined in New Jersey at the time he filed this petition, and because the warden of the Hudson County Correctional Center is his immediate custodian, the

government's motion to transfer this petition to the United States District Court for the District of New Jersey is GRANTED. *See* 28 U.S.C. § 1406(a). Petitioner's motion to stay proceedings pending transfer is DENIED for the reasons set forth on the record.

It is SO ORDERED.

Dated: March 27, 2019
      New York, New York

                                                                        Edgardo Ramos, U.S.D.J.